

BLANK ROME, LLP
Attorneys for Plaintiffs
CHAMWAY SHIPPING LTD.,
CHANGNING CO. LTD. and
CHEN CHING-PIAO
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMWAY SHIPPING LTD., CHANGNING CO. LTD. and CHEN CHING-PIAO,<br><br>Plaintiffs,<br><br>-against-<br><br>ARDAF S.A. INSURANCE & REINSURANCE CO.,<br><br>Defendant. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

Plaintiffs, CHAMWAY SHIPPING LTD., CHANGNING CO. LTD. and CHEN CHING-PIAO ("Plaintiffs"), by their attorneys Blank Rome, LLP, complaining of the above-named Defendant, ARDAF S.A. INSURANCE & REINSURANCE CO. ("Defendant"), allege upon information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.  At all material times, Plaintiff CHAMWAY SHIPPING LTD. was and now is a foreign corporation with its place of business in Hong Kong and the Owner of the M/V EVER WINNER.

3.  At all material times, Plaintiff CHANGNING CO. LTD. was and now is a foreign corporation with its place of business in Fuzhou, China and the Manager of the M/V EVER WINNER.

4.  At all material times, Plaintiff CHEN CHING-PIAO was and now is foreign individual.

5.  At all material times, Defendant was and is a corporation organized and existing under the laws of a foreign jurisdiction, engaged in the business of insuring ocean going vessels, among other things, and has no office or place of business in this Judicial District.

6.  In consideration of an agreed premium, on or about October 31, 2007, Defendant issued a policy of Hull & Machinery Insurance, Policy AFM No. 419206 ("the Hull Policy") insuring the M/V EVER WINNER ("the Vessel") for US$5 million (US$5,000,000) plus salvage charges,.

7.  Plaintiffs CHAMWAY SHIPPING LTD. and CHANGNING CO. LTD. were the named assureds in the Hull Policy.

8.  On or about November 20, 2007, the Vessel became a total loss at sea after an ingress of sea water through the main seawater piping in heavy weather, which caused Plaintiffs a loss in excess of the amount of the Hull Policy.

9.  The aforesaid loss is an insured risk under the Hull Policy.

10. Plaintiffs made claim against Defendant for US$5,008,250, representing the amount of the Hull Policy, plus salvage expenses, less the deductible provided in the Hull Policy, for which Defendant is liable to Plaintiffs.

11. Plaintiffs CHAMWAY SHIPPING LTD. and CHANGNING CO. LTD. assigned their claim under the Hull Policy to Plaintiff CHEN CHING-PIAO.

12. Defendant has failed and refused to make payment to any of the Plaintiffs, despite due demand, and is liable to Plaintiffs for US$5,008,250 plus interest and costs.

13. The Hull Policy provides that disputes under the Hull Policy are to be adjudicated in the Courts of England.

14. English Courts routinely award attorneys' fees to the successful litigant.

15. Plaintiffs estimate that the English Court will award them interest of at least US$701,155, at a rate of 7% for a period of two years, and attorneys' fees of at least US$408,000.

16. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$6,117,405.**

17. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of <u>US$6,117,405</u> to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on an English judgment.

D. That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       June 3, 2008

Respectfully submitted
BLANK ROME, LLP
Attorneys for Plaintiffs

By _____
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

## **VERIFICATION**

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
3rd day of June, 2008

_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20 10

311510.1
900200.00001/6642968v.1

5

2

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a breach of marine insurance contract and is a foreign corporation organized and existing under the laws of a foreign jurisdiction, engaged in the business of insuring ocean going vessels, among other things, and has no office or place of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
3rd day of June, 2008
_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20___